
# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ASHLEY FLEMING,

    Plaintiff,

v.                                      Case No: 8:14-cv-2196-T-30TBM

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant Diversified Consultants, Inc.'s Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Dkt. 5), Plaintiff's Response (Dkt. 7), Defendant's Motion to Stay Discovery Pending the Court's Decision on Defendant's Motion to Dismiss (Dkt. 14), and Plaintiff's Response in Opposition (Dkt. 15). Upon review and consideration, it is the Court's conclusion that Defendant's motion to dismiss should be granted.

## BACKGROUND

Plaintiff Ashley Fleming alleges that Defendant Diversified Consultants, Inc. called her numerous times in an attempt to collect a debt from her. Plaintiff subsequently brought claims against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"). Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

The Court, having reviewed the complaint, determines that it merely recites the elements of a claim for liability under the TCPA and lacks adequate factual support. Plaintiff's only factual allegations, that "[d]uring the past 48 months prior to the filing of this complaint, Defendant contacted Plaintiffs' [sic] cell phone without express permission with an automated dialing system" and that "Defendant called Plaintiffs' [sic] cell phone intentionally and repeatedly, without express permission and with an automated telephone dialing system…" do not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim. *See Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir.2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially

...

plausible.") (internal quotations and citations omitted). Accordingly, it is the Court's conclusion that Defendant's motion to dismiss is due to be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Diversified Consultants, Inc.'s Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Dkt. 5) is GRANTED.

2. Plaintiff's Complaint is dismissed without prejudice to filing an amended complaint within fourteen (14) days of the date of this Order.

3. Defendant's Motion to Stay Discovery Pending the Court's Decision on Defendant's Motion to Dismiss (Dkt. 14) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2196 dismiss complaint.docx